LIONDALE BLEACH, DYE AND PAINT WORKS, PROSE-
CUTOR, v. VAN WYKE F. RIKER, PETITIONER-
RESPONDENT.

Argued November 7, 1913—Decided February 24, 1914.

1. Where no specific time or occasion can ·be fixed upon as the
time when an alleged accident happened, there is no injury by
accident within the meaning of the Workmen's Compensation act.
2. Petitioner after ten days' service in defendant's bleachery, was
affected with a rash, which was pronounced to be a condition of
eczema, and it was said might be caused by acids; the trial
judge found that the petitioner's condition was caused by contact
with the dampened goods. *Held*, that the petitioner was not
injured by accident.

On *certiorari* to Morris Pleas.

Petition under Workmen's Compensation act.

The petitioner, after ten days' service in the defendant's
bleachery, was affected with a rash, pronounced by the medi-
cal testimony to be a condition of eczema. One physician
testified that this could be caused by acids. The trial judge
thereupon found that the petitioner's condition was caused
by contact with the dampened goods. He then held that the
condition was due to accident.

Before Justices SWAYZE and BERGEN.

For the prosecutor, *Jehiel G. Shipman* (*Fort & Fort* on
the brief).

For the petitioner-respondent, *Ulysses G. Davenport.*

The opinion of the court was delivered by

SWAYZE, J. The proper definition of "accident," within
the meaning of the Workmen's Compensation act, has been
the subject of decision in several cases under the English
statute and we cannot do better than review the most im-

portant. We need not go back of *Fenton* v. *Thorley & Co., Limited* (1903), *A. C.* 443, since earlier decisions of the Court of Appeal were there overruled by the House of Lords. It was there held that a workman, employed to turn the wheel of a machine, who ruptured himself by an act of over-exertion, suffered an injury by accident. But Lord Macnaghten, who delivered the principal judgment, was careful to say that the words "by accident" were introduced to qualify the word "injury," "confining it to a certain class of injuries, and excluding other classes, as, for instance, injuries by disease or injuries self-inflicted by design."

In *Turvey* v. *Brintons, Limited* (1904), 1 *K. B.* 328, a workman employed in a wool-combing factory, in which there was wool which had been taken from sheep infected with anthrax, contracted that disease by contact with the anthrax bacillus that was present in the wool; the Court of Appeal held that the workman was injured by accident. The judgment was affirmed by a majority of the judges in the House of Lords. (1905), *A. C.* 230. To what extent the result turned on the finding of the trial judge that the anthrax was caused by the accidental alighting of a bacillus on the deceased does not clearly appear in the opinion, but Lord Lindley, who agreed with the majority, expressed approval of a remark of Lord Justice Cozens-Hardy, in the court below that he should be sorry to hold that every disease contracted by a workman on the premises is a disease contracted in the course of the employment. or a result arising from accident in the course of employment. It has since been held that the decision of this case turned on the specific findings of the trial judge.

In the next case the remark of Lord Lindley bore fruit. *Steel* v. *Cammell, Laird & Co., Limited* (1905), 2 *K. B.* 232. A workman whose employment necessitated the handling of white and red lead gradually accumulated lead in his system with the ultimate result that he suffered from lead poisoning, which produced partial paralysis and incapacity for work; the court held that this was not an injury by accident within the meaning of the act. The reason seems to have

been that it was not possible to indicate a time at which there was an accident which caused the injury to the workman. Lord Justice Cozens-Hardy distinguished the anthrax case because there the impact of the bacillus upon the particular spot where the disease developed was proved as a fact; the source of the bacillus was known, the place at which it struck the subject was known, and the accident was known.

In *Ismay, Imrie & Co.* v. *Williamson* (1908), *A. C.* 437, a workman in a weak and emaciated condition, while raking out ashes from under the boiler in the stokehole of a steamship received a heat-stroke, from the effect of which he died; the House of Lords held that this was a case of death by accident. It is notable that Lord Macnaghten, who had delivered the principal judgment in Fenton *v.* Thorley, dissented.

In *Broderick* v. *London County Council* (1908), 2 *K. B.* 807, a workman contracted enteritis from inhaling sewer gas in the course of his employment, and it was held that this was not an injury by accident. The case is close to Brintons, Limited, *v.* Turvey. As to that the court said: "It is said that it is an accident because this disease was probably due to a bacillus. I believe that the modern theory is that all diseases are due to bacilli, and I will assume that the present disease was due to a bacillus; and it is said that it was quite unexpected that this mishap would fall upon this particular man rather than upon other men engaged upon similar work, and that such a circumstance satisfies all the words of the act, and that it was an injury arising by accident. I am unable to assent to that view."

In *Eke* v. *Hart-Dyke* (1910), 2 *K. B.* 677, the workman died of ptomaine poisoning from sewer gas inhaled or absorbed into his system; he had been employed four or five days in finding and opening certain cesspools for inspection. It was held by the Court of Appeal that his death was not due to an injury by accident. All the judges explained Brintons, Limited, *v.* Turvey, upon the special finding of facts in that case, and Lord Justice Kennedy suggested that a similar finding would have been permissible in the pending case, but

he agreed that there could be no recovery for injury by accident where you cannot give a date, and added "it is hardly a lawyer's question."

We need not, of course, consider cases where there has been an accident and disease has followed. We have considered that question in Newcomb *v.* Albertson, decided at the present term.

The English courts seem at last to have settled that where no specific time or occasion can be fixed upon as the time when the alleged accident happened, there is no injury by accident within the meaning of the act. This seems a sensible working rule, especially in view of the provisions of the statute requiring notice in certain cases within fourteen days of the occurrence of the injury—a provision which must point to a specific time.

We need not consider in this case the question of the effect of a finding by the trial judge as in Brintons, Limited, *v.* Turvey. Not only is there no such finding of fact, but the learned trial judge rested upon a construction of the statute which makes the word "accident" include "those events which were not only the result of violence and casualty, but *also those resulting conditions,* which were attributable to and caused by events that take place without one's foresight or expectation." This, however, is to make the employer's liability turn on resulting conditions rather than on the fact of injury by accident. There may indeed be compensation awarded for resulting conditions where you can once put your finger on the accident from which they result; but the ground of the action fixed by the statute is the injury by accident, not the results of an indefinite something which may not be an accident.

The judgment must be reversed, but without costs.