## STATE EX REL. FARIBAULT WOOLEN MILLS COMPANY AND ANOTHER v. DISTRICT COURT OF RICE COUNTY AND ANOTHER.[1]

October 26, 1917.

No. 20,654.

**Workmen's Compensation Act — typhoid fever not within definition of accident.**

The Workmen's Compensation Law provides compensation for personal injury caused by accident, and then defines the word accident as used therein to mean "an unexpected or unforeseen event, happening suddenly and violently * * * and producing at the time injury to the physical structure of the body." *Held* that typhoid fever caused by drinking infected water is not caused by an accident of the character defined in the law.

Upon the relation of Faribault Woolen Mills Company and Globe Indemnity Company, the supreme court granted its writ of certiorari directed to the district court for Rice county to review the proceedings in that court, Childress, J., under the Workmen's Compensation Act brought by Clara Robertson, as employee, against the first named relator as employer. Reversed.

*Raymond N. Caverly,* for relators.
*James P. McMahon,* for respondent.

[1]Reported in 164 N. W. 810.

TAYLOR, C.

We are called upon to review the action of the district court of Rice county in allowing compensation under the Workmen's Compensation Act to an employee of the relator for temporary disability caused by typhoid fever, the germs of which are alleged to have been ingested by drinking infected water furnished in the relator's factory for the use of its employees. If contracting this disease by drinking infected water was an accident within the definition thereof contained in the law, the evidence is probably sufficient to sustain the findings of the district court. Our statute, so far as here important, provides for compensation "in every case of personal injury * * * caused by accident, arising out of and in the course of employment;" and then provides that the word "accident", as used therein, shall "be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault and producing at the time injury to the physical structure of the body." G. S. 1913, §§ 8203, 8230.

The evidence shows that typhoid fever is a germ disease; that it is produced by taking typhoid bacilli into the alimentary canal; that no deleterious effects result until the bacilli taken into this canal have multiplied enormously, and that it requires more than a week after the infection for the disease to develop sufficiently for its symptoms to be discernable. The disease does not result from an event which happens "suddenly and violently", nor from an event which produces "injury to the physical structure of the body" at the time it happens.

Under statutes which provided compensation for personal injury by accident without defining the meaning of the terms used, there was a diversity of opinion among the courts as to whether diseases, and especially the so-called "occupational diseases," were accidents within the meaning of the statute. The American statutes seem to have been framed largely along the lines of the prior English statute. The English courts held that a disease, unless contracted in consequence of some injury to the physical structure of the body, was not a "personal injury by accident", within the meaning of the English law, until by amendment the law was expressly made to include occupational diseases. See cases cited in L.R.A. 1916A, p. 33, note 28, and p 35, notes 33 and 34. In Finlay v. Guardians of Tullamore Union, 48 Ir. L. T. 110, 7 B. W. C. C.

973, it was held that typhoid fever was not an accident within the meaning of the law. The courts of Michigan, New Jersey and Ohio seem to have taken the same view as the English courts. Adams v. Acme W. L. & C. Works, 182 Mich. 157, 148 N. W. 485, L.R.A. 1916A, 283, Ann. Cas. 1916D, 689; Liondale B. D. & P. Works v. Riker, 85 N. J. Law, 426, 89 Atl. 929; Industrial Com. v. Brown, 92 Oh. St. 309, 110 N. E. 744, L.R.A. 1916B, 1277. The Massachusetts court distinguished their statute from the English statute on the ground that it omitted the element of accident as a condition to recovery, and held that contracting a disease was "a personal injury," although it might not be an accident. Re Hurle, 217 Mass. 223, 104 N. E. 336, Ann. Cas. 1915C, 919, L.R.A. 1916A, 279; Re Johnson, 217 Mass. 388, 104 N. E. 735. The Wisconsin court held that contracting typhoid fever was an accident within the meaning of their law, but forcible reasons for the opposing view are set forth in the dissenting opinion of Justice Barnes. Vennen v. New Dells Lumber Co. 161 Wis. 370, 154 N. W. 640, L.R.A. 1916A, 273. The circuit court of appeals for the Ninth circuit held that contracting typhoid fever was an accident within the terms of an insurance policy indemnifying against claims "on account of bodily injuries * * * accidentally suffered." Aetna Life Ins. Co. v. Portland G. & C. Co. 144 C. C. A. 12, 229 Fed. 552, L.R.A. 1916D, 1027.

To avoid the uncertainty previously existing and to make clear the class of injuries to which our compensation law was intended to apply, the legislature inserted therein the above quoted definition of what shall be deemed an accident within the purview of such law. By restricting the injuries for which compensation is to be made to those caused by accident and by defining the term accident to mean "an unexpected or unforeseen event, happening suddenly and violently * * * and producing at the time injury to the physical structure of the body," the legislature clearly manifested an intention to exclude from the operation of the law disabilities caused by disease unless the disease resulted from an accident of the character above described, and the courts must give effect to such intention. Industrial Com. v. Brown, 92 Oh. St. 309, 110 N. E. 744, L.R.A. 1916B, 1277.

The disease in the present case was not caused by an accident as that term is defined in the law. The disease germs were not taken into the

system in consequence of anything which happened "suddenly and violently," or which at the time produced "injury to the physical structure of the body."

Judgment reversed.