THOMAS FLOOD, PETITIONER; LUKE FLOOD, Sr., AS ADMINISTRATOR OF THE ESTATE OF THOMAS FLOOD, DECEASED, RESPONDENT, v. NEWARK PLUMBING AND HEATING COMPANY, PROSECUTOR.

Argued May .term, 1929—Decided November 7, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Kellogg & Chance.*

For the respondent, *Richard Spilz.*

Per Curiam.

This is a workmen's compensation case in which the petitioner was awarded compensation by the Court of Common Pleas, reversing an order by the workmen's compensation bureau dismissing the petition.

The compensation bureau found against the claimant on the ground that the petition had not been filed within the year from the date of the alleged injury as required by the statute, and that the death did not result from the injury. The present writ is to review the finding by the Court of Common Pleas and various reasons are urged for reversal. Among these are that the petition was not shown to have been filed within the year.

Our examination of the record convinces us that this reason is sound and that on this ground the petition should have been dismissed and the order of the compensation bureau affirmed.

The petition was filed by Thomas Flood on August 9th, 1927, and on his death his administrator was substituted and the proceedings continued by the administrator. The compensation commissioner found from the evidence, as already stated, that the petition was not filed in time and that the death did not result from the injuries received.

The Common Pleas Court, on appeal, found that the accident, which it was alleged injured the petitioner and subsequently caused his death, occurred on August 11th, 1926, and that the death was due to the injuries.

If there was evidence to support these findings this court could not disturb the conclusions reached. *McAdam* v. *Block,* 63 *N. J. L.* 508. Our reading of the testimony, however, fails to discover proof that the accident happened within the year preceding the filing of the petition.

The petitioner himself testified that it occurred in the early part of August; that he could not recall the exact day; that he was injured in helping to carry a bathtub up a stairway of the building in which his employers were placing plumbing fixtures and that the bathtub was delivered to the premises the day before the accident happened. It was stipu-

lated by agreement of counsel at the trial that this tub was delivered on the 4th of August, 1926. This, of course, would definitely fix the date of the accident as on the 5th of August, but it is contended by the respondent that from other evidence the court could find the accident to have occurred at a later date. Respondent fails to refer us to any such proof and we have searched the record in vain therefor. It is true that one witness said that the accident so far as he could remember was sometime around August 11th or 12th, but added that the bathtub arrived the day before the accident, and that it was placed in an alley off the sidewalk that night because it was after quitting time and that it was taken up the next day (the day of the accident). The same uncertainty characterizes the testimony of Vreeland, the only other witness called as to this point.

In the face of the testimony of the petitioner himself that the injuries were received on the day following the delivery of the bathtub and this stipulation that this delivery took place on the 4th of August, and the other evidence in the case, we think it was not permitted to the trial court to find that the petition was filed within the year required by statute, and that the judgment must be reversed.