PETRO (ALSO KNOWN AS PETER) ELIO, PROSECUTOR, v. THE SINGER MANUFACTURING COMPANY, A NEW JERSEY CORPORATION, AND THE WORKMEN'S COMPENSATION BUREAU OF THE STATE OF NEW JERSEY, DEFENDANTS.

Argued January 20, 1932—Decided April 28, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *J. Harry Hull.*

For the defendant Singer Manufacturing Company, *Hobart & Minard* (*Ralph E. Cooper,* of counsel).

PER CURIAM.

Peter Elio, a workman, claimed to have been injured whilst in the employ of the Singer Manufacturing Company. He filed a petition with the workmen's compensation bureau in which he alleged that he was injured while at work on "April —— 1930," in the tool room, and respecting the nature of the injury said that he went to the shelf to remove some pieces of metal and a sharp piece fell, striking him on the chest, cutting and bruising him. In his petition he said that he notified his employer of the accident "five days after the accident."

The company answered and said repeatedly that "there was no accident." But they admitted in their answer that, at their direction, "Dr. A. O. Buck and the Alexian Brothers Hospital furnished medical services for a condition which did not result from an accident, from May 5th, 1930, to December 31, 1930, inclusive," and the workman said in his petition that these services were furnished at his request.

Notwithstanding these pleadings, the company gave notice that at the hearing they would move to strike out the petition on the ground that no date of the accident was set forth. When such motion was made, the workman's counsel said that the workman could not fix the date exactly, but would testify that it was sometime during April, 1930. Counsel for the company, however, insisted that the workman's claim be dismissed. It was dismissed and we think wrongly. If the case had proceeded to hearing the court below might have been satisfied from the pleadings, or proof of other circumstances, or both, that the accident happened on a given date, along about the last day of April, 1930, and, if so, we see no reason why the petition might not have been amended, upon proper terms, to conform to the fact as found. The petition of the workman apparently was filed January 12th, 1931, and so it appears that no question of the statute of limitations was involved in this case. See *Flood* v. *Newark Plumbing and Heating Co.*, 7 *N. J. Mis. R.* 981; 147 *Atl. Rep.* 638.

The company argues that for various reasons the writ of *certiorari* should be dismissed. We think not. We think that the order of the workmen's compensation bureau dismissing the workman's petition should be set aside, with costs, and the case should be remitted to the bureau for further proceedings according to law. And it is so ordered.