## Mills v. Columbia Gas Construction Co.

(Decided Dec. 13, 1932.)

VINSON & MILLER for appellant.

A. T. BRYSON and BROWNING & DAVIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

The appellant, Robert Mills, who was the plaintiff below, brought this suit against the Columbia Gas Construction Company, appellee herein, to recover damages for injuries which he alleged he sustained while in its employ. In his petition, he averred that the gas company was engaged in constructing a natural gas pipe line through Pike county, Ky., and in that work had

in its employ a large number of men; that, due to the remote character of the country through which the pipe line was being constructed, and due to the scarcity of drinking water in that locality, the gas company undertook to and did furnish its men with drinking water; that, while he and others were so working for the gas company and it was so furnishing such drinking water, it negligently furnished impure drinking water "contaminated with the germs which cause typhoid fever"; that the gas company knew or by the exercise of ordinary care could have known of the contaminated condition of this water, and he did not know of such contaminated condition, but in ignorance thereof drank the same, and as the result thereof contracted typhoid fever, for which he sought damages. The gas company filed an answer objecting to the jurisdiction of the court on the ground that, at the time Mills alleged he had been furnished and had drunk impure drinking water, both he and the gas company were operating under the provisions of the Kentucky Workmen's Compensation Act (Ky. Stats.; sec. 4880 et seq.), by reason of which fact the court was without jurisdiction of the subject-matter of this action. A demurrer was interposed to this answer to the jurisdiction, and, it being overruled, the plaintiff declined to plead further. Thereupon his petition was dismissed solely on the ground that the court was without jurisdiction of the subject-matter of the action. This appeal results.

The case turns on whether the alleged accident or injury of which appellant complains in his petition is a compensable one under the terms of our Compensation Act or not. Section 4880 of the Kentucky Statutes, being section 1 of our Compensation Act, provides that compensable injuries shall be "personal injuries sustained by the employee by accident arising out of and in the course of his employment, or for death resulting from such accidental injury; provided, however, that personal injury by accident as herein defined shall not include diseases except where the disease is a natural and direct result of a traumatic injury by accident, nor shall they include the results of a pre-existing disease but shall include injuries or death due to inhalation in mines of noxious gases or smoke, commonly known as 'bad air,' and also shall include the injuries or death due to the inhalation of any kind of gas." It will be noted that our act specifically excludes diseases of all

characters except where the disease is itself a natural and direct result of a traumatic injury.

In the instant case, there is no contention that there was a traumatic injury. The typhoid fever was caused by the taking into the stomach of impure drinking water and the absorption into the system of the typhoid bacilli contained therein. It would thus seem to be manifest on the mere statement of the case that the injury was not a compensable one within the meaning of our statute. It does but little good to consult the authorities from our sister states, since the decision in each state necessarily turns on the wording of the statute involved, and in many if not most instances the statute reads very differently from ours. Take, for instance, one of the leading typhoid cases, that of Vennen v. New Dells Lumber Co., 161 Wis. 370, 154 N. W. 640, L. R. A. 1916A, 273, Ann. Cas. 1918B, 293. That case turned on whether the contraction of typhoid fever from the drinking of impure water furnished employees for drinking purposes was an accident within the statutory definition of that term, and it was held that it was. The Wisconsin statute did not exclude from its definition of "accident" a disease though contracted accidentally unless it be the natural and direct result of a traumatic injury. On the other hand, in the case of Buchanan et al. v. Maryland Casualty Co., 116 Tex. 201, 288 S. W. 116, the opinion of the Commission of Appeals of Texas, adopted as its opinion by the Supreme Court of that state, held that typhoid fever contracted as a result of impure drinking water furnished an employee was not a compensable injury under the Texas Compensation Act (Rev. St. Tex. 1925, sec. 8309, subd. 5), which provided that the terms "injury" or "personal injury" should be construed to mean damage or harm to the physical structure of the body or such diseases or infections as naturally result therefrom. This Texas statute is quite similar to our own, and the Texas case held that disease to be compensable must be shown to have been the direct result of an injury to the physical structure of the body. This Texas case relied on the Minnesota case of State ex rel. Faribault Woolen Mills Co. v. District Court of Rice County et al., 138 Minn. 210, 164 N. W. 810, 811, L. R. A. 1918F, 855, another typhoid fever case resulting from the drinking of impure water furnished employees. In the Minnesota statute (Gen. St. 1913, sec. 8230), the word

"accident" was defined as "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault and producing at the time, injury to the physical structure of the body." It will be noted that this definition too is quite similar to the one of our statute. The Minnesota court said:

> "The evidence shows that typhoid fever is a germ disease; that it is produced by taking typhoid bacilli into the alimentary canal; that no deleterious effects result until the bacilli taken into this canal have multiplied enormously; and that it requires more than a week after the infection for the disease to develop sufficiently for its symptoms to be discernible. The disease does not result from an event which happens 'suddenly and violently,' *nor from an event which produces 'injury to the physical structure of the body' at the time it happens."* (Italics ours.)

In the case of Richardson v. Greenberg, 188 App. Div. 248, 176 N.Y.S. 651, the court, in applying the compensation statute of New York (Consol. Laws, c. 67, sec. 3, subd. 7), which defined "personal injury" to be an accidental injury arising out of and in the course of employment, and such disease or infection as may naturally and unavoidably result therefrom, held that the dependents of an employee who in the course of his employment was leading through the streets a horse affected with the glanders and who contracted that disease because of inhalation of the bacteria of glanders, and who died thereafter by reason thereof, were not entitled to compensation. The court said that for a disease to be compensable it must naturally result from a traumatic injury, and that the inhalation of bacteria was not a traumatic injury. This Richardson Case explained the case of Hiers v. John A. Hull & Co., 178 App. Div. 350, 164 N. Y. S. 767, cited in and relied upon by the case of Great Atlantic & Pacific Tea Co. v. Sexton, 242 Ky. 266, 46 S. W. (2d) 87, to be presently discussed.

In the Hiers Case, it appears from the explanation in the Richardson Case that the anthrax which was contracted was caused by bacteria entering the tissues through abrasions or fissures in the skin which were themselves occasioned by accident occurring in the course of and growing out of the employment and im-

mediately following which the germs entered into the body through such fissures occasioned thereby.

In the case of Great Atlantic & Pacific Tea Company v. Sexton, supra, and upon the authority of which the lower court ruled in this case as he did, Sexton, the employee, while splitting some kindling at home, suffered a small abrasion or scratch on one of his fingers. Later at his work he was directed to dress some rabbits which it seems were affected with tularæmia, the germs of which entering into his system through the abrasion or scratch above mentioned infected it. It was held that this was an accident and a compensable injury; the opinion being rested in the main on a Pennsylvania case and the Hiers Case from New York supra, the latter of which we have seen was more fully explained in the later Richardson Case. In this Sexton Case, it will be noted that the germs entered into the body through an abrasion or break in its integumentum. In the case before us, the germs were absorbed into the system through the normal channels of entry. The New York Court of Appeals, in the case of Connelly v. Hunt Furniture Co., 240 N. Y. 83, 147 N. E. 366, 367, 39 A. L. R. 867, speaking through Judge Cardozo, undertook to distinguish this latter state of case from that where the germ enters through an abrasion of the skin. In that opinion the court said:

"Germs may indeed be inhaled through the nose or mouth, or absorbed into the system through normal channels of entry. In such cases their inroads will seldom, if ever, be assignable to a determinate or single act, identified in space or time. * * * For this as well as for the reason that the absorption is incidental to a bodily process both natural and normal, their action presents itself to the mind as a disease and not an accident. Our mental attitude is different when the channel of infection is abnormal or traumatic, a lesion or a cut. * * * 'A common-sense appraisement of every day forms of speech and modes of thought must tell us when to stop.'"

We are clear then that typhoid fever resulting from the absorption of typhoid bacilli into the system through the normal channels of entry is without more certainly not a disease resulting naturally or directly, or indeed at all, from a traumatic injury, and, such

being the case, is not a compensable injury within the meaning of our Compensation Act. It follows that the lower court incorrectly overruled the demurrer to the answer pleading lack of jurisdiction. Such demurrer should have been sustained. No other questions are herein decided.

Judgment reversed for further proceedings consistent with this opinion.