New Jersey Department of Labor,
Workmen's Compensation Bureau.

MARG. SULLIVAN SCHAFER, PETITIONER, v. IRENE A. BERNARD, RESPONDENT.

Decided January 31, 1940.

For the petitioner, *Myron J. Berman.*

For the respondent, *Joseph R. Kane.*

\*  \*  \*  \*  \*  \*  \*

Pleadings filed in this case by petitioner allege injury to head, right arm and left knee resulting from an accident November, 1938, when two steps of cellar stars collapsed as she descended same, causing her to fall approximately six feet to concrete floor. Respondent's answer admits an accident but controverts details of same as alleged in petition and gives date of same as November, 1939, the year apparently being in error as the answer was filed with the bureau on July 12th, 1939, and in answer to question ten of the answer respondent states the date as November, 1938.

Respondent moved for a dismissal of petition, at conclusion of the trial on the grounds that as petitioner had failed to show the date on which the alleged accident occurred she fails to prove that her injuries are the result of an accident arising out of and in course of her employment. Counsel, however, does not cite any authority for this contention nor am I aware

of any direct ruling on the point. The statute itself is silent as to necessity for proving date of accident. In *Liondale Bleach, Dye and Paint Works* v. *Riker,* 85 *N. J. L.* 426; 89 *Atl. Rep.* 929, the Supreme Court held "where no specific time or occasion can be fixed upon as the time when the alleged accident happened, there is no 'injury by accident' within the meaning of the act." This precedent, however, does not state specifically that the actual date on which the accident occurred must be shown but seems rather to require that a definite event has taken place at a time more or less certain, as the opinion goes on to say "there may indeed be compensation awarded for resulting conditions where you can once put your finger on the accident from which they result; but the ground of the action fixed by the statute is the injury by accident, not the results of an indefinite something which may not be an accident." In the instant case there can be no doubt that there was such definite condition.

It may be that it would be necessary to prove the exact date when time is the essence of the action, such as a claim by respondent that statutory notice or knowledge was not given or obtained within the required time, or that the petition was not filed within the time limit specified in the statute, but neither of these points are at issue here as respondent's answer admits knowledge of the accident in November, 1938, and its occurrence in November; in fact it appears to have taken place in her presence and the petition was filed April 26th, 1939. Time was of the essence in *Flood* v. *Newark Plumbing and Heating Co.,* 7 *N. J. Mis. R.* 981; 147 *Atl. Rep.* 638. Also the case of *Elio* v. *Singer Manufacturing Co. et al.,* 10 *N. J. Mis. R.* 606; 160 *Atl. Rep.* 325, merely states the proposition that the Workmen's Compensation Bureau should not dismiss a petition for failure to state therein the date on which the alleged accident occurred as this may be established in the proofs, but does not pass on the necessity of proving such date specifically. A workman who is able to prove the occurrence of an accident at a time more or less certain should not be deprived of the benefits of the Workmen's Compensation law, merely because he is unable to prove the exact date on which the accident took place, when estab-

lishment of such date is otherwise not essential to his right of recovery.

Respondent moved for dismissal on the further ground that the alleged accident did not arise out of and in the course of the employment in that at the time of same petitioner was acting in disobedience of an express order. The proofs do not support this contention.

Respondent's contention that the petition should be dismissed by reason of petitioner's failure to show that the injuries complained of were not due to causes other than the accident, is so contrary to established law as to require no comment.

Respondent further requests dismissal of the petition on the ground that testimony on behalf of petitioner is not entitled to credence. I do not agree as there is nothing in the record to support this assertion other than respondent's own denials from the stand of the occurrence of the accident. Medical experts on the petitioner's behalf testified to certain pathalogical conditions they found existing in her left knee joint, which they say, from hypothetical questions, are related to the trauma. Respondent offers no explanation for the occurrence of these conditions.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

I, therefore, find and determine from all the evidence that the petitioner suffered an accident arising out of and in course of her employment with respondent during the month of November, 1938; that the respondent had due notice of this accident; \* \* \* that as a result of the accident she incurred injuries to the left knee; that as a result of the injuries she has suffered a permanent disability \* \* \*; that she was temporarily disabled and under medical treatment \* \* \* and is entitled to temporary compensation.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

HARRY H. UMBERGER,
*Deputy Commissioner.*