NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

CLARENCE H. VAN ORDEN, PETITIONER, v. DARE'S FLOWERS, INC., RESPONDENT.

Decided December 17, 1941.

For the petitioner, *Sol J. Cohen.*

For the respondent, *Cox & Walburg (Arthur F. Mead).*

\*     \*     \*     \*     \*     \*     \*

The petitioner alleged that in connection with his regular florist work sometime in October, 1940, he sustained injuries to his skin over his entire body, chest, neck and so forth. He was treated by Dr. John Cox. The petitioner claims that the condition which he suffered was compensable. The respondent denied that the petitioner suffered an accident or that the petitioner's condition arose out of and in the course of his employment with the respondent.

The petitioner testified that he has worked as a general florist and designer for a great number of years and in connection with that work handles flowers almost every day. The flowers are of different kinds and in connection with that work his hands were roughened and occasionally would be lacerated. He stated that sometime in September or October of 1940, he noticed that there was a rash on various parts of his hands which seemed to be generally all over his hands and involved a breaking of the skin accompanying the rash together with a soreness and redness which condition spread to various other parts of his body. He also noticed that this condition was irritated when the skin came in contact with water. He continued to work but sought medical attention and his employer sent him to one, Dr. Cox. He worked until March of 1941 and then was out of employment until August. He returned to work at that time and worked until about the middle of November. He stated that while under the treatment of Dr. Cox the condition was a little better but continued while he worked. He also stated that when he stopped working and handling flowers the condition became much better. He testified with respect to medical treatment which he received and medical expense.

On his behalf Dr. Cox testified as treating physician. He stated on examination he found a skin rash which he characterized as a dermatitis and received a history that this condition had started sometime prior to October, 1940, and had gradually spread to various parts of the body. He stated that

he made various tests and found the petitioner was positive to a number of flowers and he made a diagnosis of occupational dermatitis. He rendered treatment by giving a vaccine and expressed his opinion that this condition was brought about by the petitioner's working among flowers.

On behalf of the respondent, Dr. James, a skin specialist, testified from an examination made by him in March, 1941. He stated that he made a diagnosis of dermatitis involving various parts of the anatomy and stated also that there was a possibility that it was due to petitioner's occupation or due to a cause other than the occupation. The only recommendation he could make was to remove the petitioner from both his occupational and home environment and make skin tests for different substances that the petitioner may have come in contact with.

The parties stipulated to present first the issue of compensability under the terms of the Workmen's Compensation Act and reserved the right to put on testimony as to the extent of disability in the event the petitioner substantiated his claim to benefits under the Workmen's Compensation Act.

Considering more particularly the testimony of the petitioner and of the treating physician who was petitioner's medical witness, I am satisfied that the petitioner developed a skin rash which the doctors both characterized as dermatitis and that this came from petitioner's exposure to handling flowers in connection with his work. However, in my opinion this is not an accident or an accidental injury. It may be the result of petitioner's occupation and employment but it is not by accident even in the liberal interpretation of the term and does not involve accidental injury. Furthermore, it is not an occupational disease covered under the New Jersey Workmen's Compensation Act.

In my opinion it is a case clearly within the case of *Liondale Bleach Works* v. *Riker*, 85 *N. J. L.* 426; 89 *Atl. Rep.* 929, and cases of a similar nature.

It is, therefore, ordered, * * * that the petition herein be dismissed and judgment be entered in favor of the respondent.

JOHN C. WEGNER,
*Deputy Commissioner.*