NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

JOSEPH STEVENS, PETITIONER, v. BUTTON CORP. OF AMERICA, AND NEW JERSEY MANUFACTURERS CASUALTY INSURANCE CO., RESPONDENTS.

Decided September 25, 1942.

For the petitioner, *David Roskein* (*Mortimer Wald,* of counsel).

For the respondents, *George E. Meredith.*

\*       \*       \*       \*       \*       \*       \*

From the pleadings and the testimony adduced the petitioner can recover on only one of two theories, that he met with an accident arising out of and in the course of his employment, or that he suffered a compensable occupational disease as defined in *R. S.* 34:15-31; *N. J. S. A.* 34:15-31. The latter theory I do not discuss because there is no suggestion in the evidence that the petitioner suffered a compensable occupational disease.

The testimony is undisputed and indicates that the petitioner in the course of his work was required to dump baskets of buttons which had been immersed in a tank filled with a liquid. In the process of dumping the basket filled with wet buttons the liquid got on petitioner's arms and legs. This was a continuous process, and the petitioner was exposed to this soaking of his body and his clothes from 7:30 A. M. to 12:00 A. M. daily.

It further appears that after doing this work for about a month the petitioner noticed that he had a rash on his

arms and on his legs. He testified that he sought medical treatment, and then was away from work for a period of time because of a strike. During this interval the rash seemed to improve, but on resuming his work at the end of the strike the condition broke out all over again.

The petitioner called Dr. Leon Lewis, who testified that he examined the petitioner and found that he was suffering from a fungus infection of the upper sternum with scaling areas and crustlike scars over the legs. His diagnosis of the case was dermatitis venenata and a sensitivity due to exposure to formaldehyde. The doctor testified that in his opinion this condition could not be brought about by one contact, but was the result of continuous exposure to the liquid.

No further testimony was adduced and the respondent by its attorney moved for a dismissal of the petition on the ground that the petitioner did not sustain the burden of proving that he suffers from a compensable occupational disease or a condition resulting from an accidental injury arising out of and in the course of employment.

I am satisfied from the evidence that the condition from which the petitioner suffered was not the result of the splashing of the liquid, but was probably due to the constant contact of the solution which he experienced over the entire period of his employment. The testimony indicates that the petitioner suffers from a dermatitis probably due to an allergy or sensitivity to the solution in which the petitioner worked.

There is no claim that the petitioner suffers a compensable occupational disease. I am, therefore, called upon to determine whether the condition from which the petitioner suffered is the result of an accidental injury while at work.

After a careful consideration of all of the evidence, I am constrained to find that the petitioner has failed to sustain the burden of proving that he met with an accident arising out of and in the course of his employment. The facts of this case appear to be controlled by the opinion of our Supreme Court in the case of *Liondale Bleach, Dye and Paint Works* v. *Riker*, 85 *N. J. L.* 466; 89 *Atl. Rep.* 929.

In that case the petitioner was required to work in acids, and after ten days' service in this employment broke out in a rash which was described as an eczema. The court there held that in the absence of a specific occurrence to account for the condition, there could be no finding in favor of the petitioner because he had not established the fact that he had suffered an injury by accident.

Furthermore, this rule of law has been followed quite recently by Deputy Commissioner Wegner in the case of *Clarence H. Van Orden* v. *Dare's Flowers, Inc.,* 20 *N. J. Mis. R.* 24; 23 *Atl. Rep.* (2*d*) 387. In that case the petitioner worked in a nursery and developed a skin rash which the medical witnesses characterized as a dermatitis. The court there held that, although the petitioner's condition may have been the result of his occupation, it was not the result of an accident "even in the liberal interpretation of the term and does not involve accidental injury."

While I may personally believe that a case of this kind should be held compensable, nevertheless, if the legislature in its wisdom does not see fit to include such a condition, I cannot do so. I am unable to read something into the law which does not exist. The strength of the law is in its enforcement, and this court does not feel that it can by judicial interpretation read into the act something that was not intended by the legislature.

In view of the foregoing the motion of the respondent is granted and it is, therefore, * * * ordered that the petition be and the same is hereby dismissed, without cost to either party.

> HARRY S. MEDINETS,
> *Deputy Commissioner.*