ESSEX COUNTY COURT OF COMMON PLEAS.

GRIFFITH DAVIES, PETITIONER-APPELLEE, v. ONYX OIL & RESIN COMPANY, RESPONDENT-APPELLANT.

Decided January 26, 1943.

For the petitioner-appellee, *Leo Yanoff*.

For the respondent-appellant, *Arthur F. Mead*.

FLANNAGAN, C. P. J. The petitioner was employed by respondent in the preparation of certain chemical products to be used in the manufacture of paint.

The discharge of his duties exposed him to contact by inhalation with a chemical product of the operation known as acrolein, which substance has an irritating effect upon animal tissue.

The presence of acrolein was unknown to petitioner, and, so far as the evidence indicates, to his employers; its presence was revealed subsequent to petitioner's injury through chemical analysis or demonstration by Dr. Edel, a toxicologist who testified on the trial.

Petitioner had a variety of routine duties, one of them was to attend at intervals, when occasion required, in the operation of vats in which the chemical process was in progress and it was in the discharge of this duty that he was exposed to the action of the acrolein. There was no accidental external occurrence of an obvious character, such as, for example, the breaking of a pipe; petitioner's work continued throughout

his employment in apparently regular routine without special relevant incident, except the manifestations of certain symptoms, viz., coughing and bleeding through the mouth. These symptoms manifested themselves as early as January, 1941, and continued frequently in some degree until July 19th, 1941, the week of November 10th, and on November 17th, at which times they appeared in excessive form, the petitioner on those occasions coughing violently and emitting a substantial flow of blood from his mouth.

The weight of the evidence in my opinion establishes that the petitioner suffered a series of internal attacks by this irritating substance over a period from about January to November 17th, 1941, causing an accumulating irritation and impairment of the tissues or membranes of the bronchial tubes culminating in a final and disabling attack on November 17th, 1941, the resulting disabling condition being a disease designated medically as subacute chemical bronchitis.

The unforeseen, unexpected, and untoward attacks or bombardments, through inhalation, of the bronchial tissues of the petitioner by the particles of acrolein I regard as accidental injuries within the meaning of our statute. *Bollinger* v. *Wagaraw Building Supply Co.*, 122 *N. J. L.* 512; 6 *Atl. Rep.* (*2d*) 396; *Bryant* v. *Fissell*, 84 *N. J. L.* 72; 86 *Atl. Rep.* 458.

In *Liondale Bleach Works* v. *Riker*, 85 *N. J. L.* 426; 89 *Atl. Rep.* 929, Mr. Justice Swayze, speaking for our Supreme Court (in a case where the period of exposure and of employment covered only ten days), says (at *p.* 429) ; 89 *Atl. Rep.* 929: "The English courts seem at last to have settled that where no specific time or occasion can be fixed upon as the time when the alleged accident happened, there is no injury by accident within the meaning of the act. This seems a sensible working rule, especially in view of the provisions of the statute requiring notice in certain cases within fourteen days of the occurrence of the injury—a provision which must point to a specific time."

In the instant case there were at least three occasions which can be regarded as occasions when accidents occurred, but for present purposes it is sufficient to say that the specific time

is the occasion of the culminating disabling attack, viz., November 17th, 1941.

I concur in the finding of the compensation court as to the extent of the disability.

Findings may be submitted accordingly under rule 9.