**TEXAS EMPLOYERS' INS. ASS'N v. JACKSON.   (No. 589–4057.)**

(Commission of Appeals of Texas, Section A. Nov. 19, 1924.)

Master and servant ☞373—Disease from wetting of employee by rain held not compensable "injury"; "personal injury."

Successive wettings of employee by rain, resulting in his contracting a cold and pneumonia, *held* not an "injury" or "personal injury," within Workmen's Compensation Act, pt. 4, § 1, subd. 5, as amended in 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246–82) not being "damage or harm to the physical structure of the body" from disease or infection naturally resulting.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Injury; Personal Injury.]

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Proceeding under the Workmen's Compensation Act by J. B. Jackson against the Texas Employers' Insurance Association. Judgment for defendant was reversed by Court of Civil Appeals (253 S. W. 348), and defendant brings error. Judgment of Court of Civil Appeals reversed, and that of county court affirmed.

Lawther, Pope & Leachman, of Dallas, for plaintiff in error.

Arch Dawson, of Wichita Falls, for defendant in error.

BISHOP, J. Defendant in error, J. B. Jackson, filed suit in the county court of Wichita county against the Texas Employers' Insurance Association, under the Workmen's Compensation Act, to recover damages. In his petition he alleges the injury sustained by him in substance as follows: That he was sent by his employer, who was a subscriber under said act, with a truck, on September 4, 1921, to a lease about 50 miles northwest of Wichita Falls, to get a load of material to be delivered to another oil field in Wichita county; that while en route to said lease a rain storm came up, caught him out in the open prairie, and thoroughly soaked and wetted his clothing; that upon arriving at the lease about 10 o'clock at night of said day, he was compelled to sleep in a dilapidated shed, and that during the night another severe rain came up and wetted his clothing; that said two wettings caused him to have a cold next morning, which weakened his resistance and made him easily susceptible to the inroads of disease from other exposure; that the next day, after having loaded a rig on his truck and having performed strenuous labor which caused him to perspire freely, another rain storm overtook him and completely soaked and drenched him, while on the return trip for a second load; that the last wetting, together with the two previous soakings, caused a severe case of pneumonia, resulting in incapacity for work for some period of time, confinement in a hospital, incurring doctor bills, etc.

The trial court sustained a general demurrer to the petition, and defendant in error having refused to amend, the cause was dismissed. On appeal the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause, holding that, though the injury complained of was not an accidental injury, same was within the provisions of the Workmen's Compensation Act defining "injury" and "personal injury," and for this reason the petition stated a good cause of action.

Plaintiff in error presents two assignments of error as follows:

"First. The Court of Civil Appeals erred in holding that the purpose of the Texas Workmen's Compensation Act, and the scope thereof, is not limited to accidental injuries.

"Second. The Court of Civil Appeals erred in holding that getting wet in a rain was an 'injury' or 'personal injury' as defined in subdivision 5, § 1, part 4, of the amendment of 1917 (subdivision 5, art. 5246–82, Vernon's Texas 1918 Supp.)."

When the Thirty-Third Legislature in 1913 (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]) first enacted the Workmen's Compensation Act, it provided (part 2, § 7 [art. 5246qqq]) for an "Industrial Accident Board" and defined the duties thereof. It provided that all employers who were subscribers under said act should "within eight days after the occurrence of an accident resulting in a personal injury to an employee" make a report thereof in writing to said Board and keep a record of all injuries, fatal or otherwise, received by their employés in the course of their employment. It did not specifically define the character of injuries for which compensation would be allowed, but in its emergency clause (part 4, § 7) recited that:

"There now being no adequate law on the statutes to protect the rights of industrial employees who may be injured in industrial accidents, and the beneficiaries of such employees who may be killed in such accidents, creates an emergency," etc.

In the case of Middleton v. Texas Power & Light Co., 108 Tex. 109, 185 S. W. 560, in passing upon the validity of this act, Chief Justice Phillips uses this language:

"Here the character of injuries, or wrongs, dealt with by the act becomes important. Notwithstanding the breadth of some of its terms, its evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited. Its emergency clause declares its aim to be the protection by an adequate law of the rights of employees injured in 'industrial accidents' and the beneficiaries of such employees as may be killed 'in such accidents.' * * * The injuries, or wrongs, with which it deals are accidental injuries or wrongs."

This act was thereafter amended by the Thirty-Fifth Legislature in 1917 (Acts 35th Leg. c. 103 [Vernon's Ann. Civ. St. Supp. 1918, arts. 5246–1 to 5246–91]). The amendment retained all the above-recited provisions, and in its emergency clause made a similar recitation. It, however, provided that the terms "injury" and "personal injury" as used in the Workmen's Compensation Act should "be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

It also made the following provision:

"The term 'injury sustained in the course of employment,' as used in this act, shall not include:

"1. An injury caused by the act of God, unless the employé is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public.

"2. An injury caused by an act of a third person intended to injure the employé because of reasons personal to him and not directed against him as an employé, or because of his employment.

"3. An injury received while in a state of intoxication.

"An injury caused by the employé's willful intention and attempt to injure himself, or to unlawfully injure some other person, but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employé while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

Part 4, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246–82).

Here we have an employé in the course of his employment getting wet. As a natural result of getting wet he contracted cold, and pneumonia resulted. While the disease was the natural result of getting wet, the mere getting wet was not a "damage or harm to the physical structure of the body," and, unless it was, it could not be said to be an "injury" or "personal injury," for which compensation is allowed by the statute. For, before compensation may be had for the disease, it must be an "injury" provided for by the statute, and it cannot be such "injury" unless it naturally results from "damage or harm to the physical structure of the body."

In the case of Middleton v. Texas Power & Light Co., supra, the court, when using the language above quoted, was considering the question whether the employers' compensation act was in conflict with the Bill of Rights, § 13, art. 1, of our Constitution, providing that:

"Every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

The specific holding is that the purpose of the law was to confine its operation to only accidental injuries as distinguished from injuries to the person intentionally inflicted on the employé by the employer. Defendant in error claims for this reason such language should not be construed to be a holding that the law in its scope should be limited to accidental injuries in any broader sense than that in which such language was then being used by the court. It may also be claimed that, under the definitions of the terms "injury" or "personal injury" and "injury sustained in the course of employment," contained in the amendment of 1917, all injuries for which compensation may be had must necessarily be accidental injuries. These questions, however, it is not necessary here to decide. For the injury sustained by defendant in error is not such as is contemplated by the act. It is not "damage or harm to the physical structure of the body" from which disease or infection naturally resulted.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that of the county court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.