O. M. BUCHANAN ET AL. V. MARYLAND CASUALTY CO.

No. 4639.    Decided November 24, 1926.
(288 S. W., 116).

1.—Workmen's Compensation Law—Injury—Disease.

The injury for which recovery may be had under the Workmen's Compensation Law, being defined therein (Rev. Stats., Art. 8309, Sec. 5) as "damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom" includes such disease only as results from violence upon the structure of the body. (P. 204).

2.—Same—Typhoid Fever.

Death of insured employe from typhoid fever is not compensable under the Workmen's Compensation Law, though caused by food and water infected with germs of such disease furnished him by the employer. Demurrer to petition presenting such ground for recovery was properly sustained. (Pp. 204-206).

Questions certified from the Court of Civil Appeals for the Tenth District, in an appeal from Navarro County.

The Supreme Court referred the questions to the Commission of Appeals, Section B, for its opinion thereon, and here adopts same and certifies it as the answer of the court.

*H. B. Davis* and *Bryan & Maxwell,* for appellants.

Where an employer, as part of his employment, undertakes to furnish food and water to the employe and the food and water furnished are impure and infected with germs, and by reason thereof the employe contracts typhoid fever and dies therefrom. his beneficiaries are entitled to recover from the employer's insurer under the Compensation Act of Texas.   R. C. S., Arts. 5246-82; Aetna Life Ins. Co. v. Portland Gas & Coke Co., 229 Fed., 552; Wasmuth-Endicott Co. v. Korst, 77 Ind. App., 279, 133 N. E., 609; H. P. Hood & Sons v. Maryland Casualty Co., 206 Mass., 223, 30 L. R. A. (N. S.), 1192, 92 N. E., 329; Vannen v. New Dells Lbr. Co., 161 Wis., 370, 154 N. W., 640; Miller's Indemnity Underwriters v. Heller, 253 S. W., 853.

*Hitzfeld & Lynch (Davis, Jester & Tarver* of counsel), for appellee.

No claim for compensation can properly be maintained under the Employers' Liability Act of the State of Texas in a case of death resulting from a disease which is not traceable to an injury arising out of and in the course of employment.   Employers' Liability Act (Vernon's Sayles' Civil Stats., 1918 Supp., Arts. 5246-5249) as amended by the Act of the 38th Legislature of April 3, 1923; Texas Employers' Insurance Assn. v. Jackson, 265 S. W., 1027; Middleton v. Texas L. & P. Co., 108 Texas, 109, 185 S. W., 556; Fairbault Woolen Mills v. District Court of Rice County, 138 Minn., 210, 164 N. W., 810; Industrial Commission v. Cross et al., 104 Ohio St., 561, 136 N. E., 283; Renkel v. Industrial Commission of Ohio, 109 Ohio St., 152, 141 N. E., 834; Richardson v. Greenburg, 176 N. Y. Supp., 651.

If the Legislature had intended to include diseases within the definition of the terms "injury" and "personal injury," then what conceivable purpose could the Legislature have had in adding to this definition the words "and such diseases or infection as naturally result therefrom?"

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

This cause is before the Supreme Court upon the following

certificate from the Honorable Court of Civil Appeals of the Tenth District:

"O. M. Buchanan, Jr., the son of appellants, was working for the J. K. Hughes Development Company in the oil fields of Navarro County, and while so engaged was stricken with typhoid fever, from which he died. The J. K. Hughes Development Company was at said time employing more than three men and was operating under the Workmen's Compensation Act, having taken out a policy of insurance with appellee under the provisions of said Act.

"Appellants filed their claim with the Industrial Accident Board, claiming that their son contracted typhoid fever from which he died by reason of the food or drinking water which his employer, J. K. Hughes Development Company, was required to and did furnish him under his contract of employment. The Industrial Accident Board made an award, from which an appeal was taken by appellee to the District Court, which sustained a general demurrer to appellants' cause of action, holding, in effect, that typhoid fever contracted by Buchanan while in the employment of Hughes Development Company and as a result of the water and food furnished him by it, was not a compensable injury.

"At a former day of this term of court we affirmed the judgment of the trial court and the cause is now pending before us on motion for rehearing. By reason of the importance of the question involved, and because of the insistence on the part of appellants that our opinion is in conflict with the case of Millers Indemnity Underwriters v. Heller, 253 S. W., 853, in which case a writ of error was refused by the Supreme Court, and because we have some doubt with reference to the correctness of our holding, we deem it advisable to certify to the Honorable Supreme Court for determination the following questions material to the disposition of this appeal:

### "FIRST QUESTION.

"Under the Workmen's Compensation Act, is typhoid fever, contracted by an employe as a result of impure water or food furnished by an employer, an accidental injury under the terms of said Act?

### "SECOND QUESTION.

"Under the Workmen's Compensation Act, is typhoid fever, contracted by an employe as a result of the impure water or food furnished by an employer, a compensable injury?

"THIRD QUESTION.

"Was the trial court correct in sustaining the general demurrer of appellee to appellants' petition, and was it error for this court to affirm the holding of the trial court in said respect?

"In our opinion we followed what we thought was the holding in the case of Texas Employers' Insurance Association v. Jackson, 265 S. W., 1027, which appellants contend is in conflict with the Heller case, supra, and if not in conflict therewith, that the Heller case should control in the disposition of this case."

We think the Court of Civil Appeals correctly decided this case. A copy of its opinion accompanies the record. We quote from that opinion as follows:

"A number of the States have Workmen's Compensation Acts. No two of them, however, are, so far as we have found, exactly the same, and there have been many decisions written by the courts of the different States attempting to construe said acts. Our Workmen's Compensation Act defines what is to be construed as an injury in Sec. 5 of Art. 8309 of the statutes, which reads:

" 'The term "injury" or "personal injury" shall be construed to mean damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom.'

"In those States where the Workmen's Compensation Act provides that an injury is compensable which is caused by accident and which grows out of and is incidental to the servant's employment, the weight of authority seems to be that a disease is a compensable injury if it was contracted by the employe while engaged in and as a result of his employment. Aetna Life Ins. Co. v. Portland Gas Co., 229 Fed., 552; Vennen v. New Dell's Lbr. Co., 154 N. W., 640; Wasmuth-Endicott Co. v. Karst, 133 N. E., 609; H. P. Hood & Son v. Maryland Casualty Co., 30 L. R. A. (N. S.), 1192; Columbia Paper Stock Co. v. Fidelity & Casualty Co., 78 S. W., 320. Where, however, as under our statute, the terms 'injury' and 'personal injury' are defined to mean 'damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom,' the authorities seem to hold that before an employe who contracts a disease is entitled to compensation it must be shown that the disease is the direct result of the injury. The definition of 'injury' contained in the Workmen's Compensation Law of New York is very similar to ours, and the Supreme Court of that State, in Richardson v. Greenberg, 176 N. Y. Supp., 651, held that a disease which was not superinduced by an injury inflicted

upon the body was not compensable, and in said case held that an employe who contracted glanders by handling horses which had said disease could not recover. To the same effect is the holding in Fairbault Woolen Mills Co. v. District Court, 164 N. W., 810; Renkel v. Industrial Commission of Ohio, 141 N. E., 834; Industrial Commission of Ohio v. Cross, 136 N. E., 283. The Supreme Court of Texas, speaking through the Commission of Appeals, in Texas Employers' Insurance Association v. Jackson, 265 S. W., 1027, held that pneumonia contracted by the employe while engaged in his employer's business and caused by the negligence of his employer was not a compensable injury.

"Since the Legislature has limited, by its definition, diseases of employes for which compensation is allowable to such diseases as naturally result from an injury as defined above, we do not think said act should be construed to or that it does cover diseases contracted by the employe which are not caused by an injury, although the disease may have been caused by the conditions under which he was forced to work. The courts have not the power to enact laws, they can only construe them."

It is quite clear that the great weight of authority, under a statute similar to ours, is in line with the opinion of the Court of Civil Appeals in this case. Even in one of the cases under dissimilar statutes, where typhoid fever was involved, the dissenting Justice said that the great weight of authority was contrary to the decision even in that case. We refer to the Wisconsin case of Vennen v. New Dells Lumber Co., 161 Wis., 370, 154 N. W., 640. In fact, even in the two or three instances where, under more favorable statutes to the employe, recovery in typhoid fever cases has been permitted, there has usually been a dissenting opinion. At least, that was true in the Indiana case. There is no decision which we have been able to find allowing recovery in this kind of a case under a statute similar to ours.

Under statutes similar to ours, it is the uniform holding of the courts that before any disease is compensable, it must be the direct result of an injury. Not only so, but that injury must be to the physical structure of the body. This language has been construed to mean that the disease must result from violence upon the external portion of the body.

This latter construction has been recently upheld by our Supreme Court. We refer to the cases of Texas Employers' Insurance Association v. Jackson, 265 S. W., 1027, and that of Aetna Life Insurance Co. v. Graham, 284 S. W., 931. The

Jackson case was by Section A of the Commission of Appeals and the Graham case by this court. The latter case was written subsequent to the drafting of the opinion of the Court of Civil Appeals in the instant case.

In the Jackson case, an employe was forced by his duties to expose himself to incessant rains without proper protection furnished by his employer. He was drenched by water. It soaked in through his skin and body. He was chilled and contracted pneumonia. But, in that case, it was held that there was no external violence to his body and he was not permitted to recover.

In the Graham case, a girl employe contracted tuberculosis as the result of gas fumes she inhaled while performing her duty in dye works. But, in that case, it was held that she died from an occupational or industrial disease which was not due in any sense to any external violence. In neither of these cases was the decision influenced in any way by the question as to whether or not the employer was negligent. The compensation law does not depend upon negligence. It was merely held that there was no accidental injury within the purview of our statute.

The two decisions just reviewed by us are not in conflict with the Heller case mentioned in the certificate. In that case, it appears that the injury was caused by external violence. A man had severed the skin on his hand. The dirt and lint from the cottonseed with which he was working was forcibly injected into that wound on his hand. From the injection of this poison, blood poison set up. The refusal of the writ of error in that case is in entire harmony with the holdings in the two recent cases by the Commission.

The decision of the Court of Civil Appeals in the case at bar is in line with the authorities in other States which have statutes most similar to ours. It is in line with the former decisions of the Commission of Appeals.

In view of what we have said, we recommend that the first question certified be answered in the negative. We recommend that the second question be answered in the negative. We recommend that the third question be answered to the effect that the trial court correctly sustained the general demurrer and that the Court of Civil Appeals reached the right conclusion in affirming such action by the trial court.

The opinion of the Commission Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton*, Chief Justice.