**SECURITY UNION CASUALTY CO. v. O'PRY. (No. 2824.)**

Court of Civil Appeals of Texas. Amarillo. Nov. 7, 1928.

Rehearing Denied Dec. 5, 1928.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee.

JACKSON, J. This was a suit by appellee against appellant to set aside an award by the Industrial Accident Board of the state, denying appellee compensation for injuries received by him, in the course of his employment on July 4 and 14, 1925, while working for the Gulf Production Company, which carried compensation insurance for the protection of its employees, with appellant.

A statement of the case in an opinion by this court will be found in 294 S. W., page 606, in which the judgment of the trial court for appellee was reversed and rendered for the appellant, on the authority of Buchanan v. Maryland Casualty Co., 116 Tex. 201, 288 S. W. 116.

A writ of error was granted by the Supreme Court, and the holding of this court was reversed by an opinion by the Commission of Appeals, 1 S.W.(2d), page 590, and the case remanded to this court to make disposition of appellant's additional assignments of error. We refer to these opinions for a sufficient statement of the pleadings and issues involved in the appeal.

The appellant states in its brief that the questions presented are: (1st) Whether or

not the appellee proved a compensable injury; (2d) whether there was any testimony to support the findings of the jury that appellee's incapacity was permanent; and (3d) whether or not the court erred in permitting appellee to prove that his employer made repairs on the engine, on which appellee was working, after the injury occurred.

The first of these assignments is settled against appellant's contention by the opinion of the Commission of Appeals, supra.

■ It is settled that appellee was injured, that his injury was compensable and his incapacity total; but appellant contends that the testimony is insufficient to support the findings of the jury that his incapacity was permanent, or caused by the conditions of the building in which he was working. On these issues the testimony shows that appellee, after the injury, was helpless for several days in bed, up and down for two months, has been unable to work since the injury, that he cannot hear out of his left ear, and when he gets hot he has double vision, has nervous spells, the skin on his head draws and feels thick, that exertion affects his heart, causing it to flutter, that he is 15 pounds lighter than before the injury, that he was strong and in good health before the injury and suffered none of these troubles.

The testimony of the doctors discloses that appellee's blood pressure is systolic 122, disatolic 72, his pulse 90 sitting and 100 standing, his temperature 98⅗, his heart was enlarged, the aorta contracted, the apex of the heart displaced downward two inches below normal; that his heart condition is progressive and will probably be increased by simple exercise; that the aortic condition of his heart is very serious and "is absolutely permanent;" that he will never be normal nor able to discharge the ordinary task of a working man; that working in the heat would aggravate his condition; that the condition of the aorta is such that if he exerts himself it is liable to kill him; that he is not able to do any ordinary labor; that he will never be as strong as the average man; and that his condition is due to the injury which he received while at work on the 4th and 14th days of July.

If appellee's heartbeats were increased from 90 while he was sitting down to 100 by the simple exertion of rising and standing on his feet, and the condition of his heart was growing worse and was absolutely permanent, these facts, together with the many other circumstances and facts relative to his general condition, are, in our opinion, amply sufficient to warrant the jury in finding that his incapacity was permanent. Security

Union Casualty Co. v. Frederick (Tex. Civ. App.) 295 S. W. 301; Great Southern Life Insurance Co. v. Johnson (Tex. Civ. App.) 294 S. W. 675; Lumbermen's Reciprocal Association v. Anders et al. (Tex. Civ. App.) 292 S. W. 265.

The testimony is without substantial contradiction that the injury received by appellee while at work in the sheet iron building produced the heat exhaustion from which appellee's condition resulted.

■ The appellant presents as error the action of the trial court in permitting, over its objections that the testimony was immaterial, irrelevant, prejudicial, and inflammatory, Lonnie Davis to testify that the day after appellee suffered the first injury from heat exhaustion. on July 4th, adjustments were made on the engine.

An examination of the statement of facts shows that the witness Lonnie Davis did not testify that any adjustments were made on the engine after appellee's injury. There is no bill of exceptions in the record to the testimony of the witness who did testify to such adjustments. Where there is a conflict between the statement of facts, signed and agreed to by the parties and approved by the court, and a bill of exceptions, the statement of facts controls. Smith et al. v. Loftis (Tex. Civ. App.) 281 S. W. 604. Hence, this question is not properly presented for review.

■■ In addition to this, appellee testified on cross-examination by appellant's attorney that the engine with which he was working on July 4th was not in good condition; its compression and spark plug were weak; that the electricity passed from the wire coil or igniter to the spark plug; and that the foreman brought a spark plug down on the 6th and helped to start the engine. This testimony was introduced by appellant, and other testimony of adjustments made on the engine after the injury would not constitute reversible error. Letcher v. Morrison, 79 Tex. 240, 14 S. W. 1010. It is settled that no inference of negligence arises from any repairs made after the injury is suffered, for which reason evidence of subsequent repairs is inadmissible as an admission to prove negligence. Appellee's recovery did not depend on the negligence of his employer, and evidence of such repairs being made after the injury is inflicted may be competent for the purpose of showing or explaining other issues, provided the issue of negligence is not involved. Texas & P. Ry. Co. v. Gay et al., 88 Tex. 111, 30 S. W. 543; Jones, Commentaries on Evidence (2d Ed.) vol. 3, par. 1043.

The judgment of the trial court is affirmed.