## TRAVELERS' INS. CO. v. LANCASTER et al.

### No. 9263.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1934.

Rehearing Granted April 4, 1934.

Rehearing Denied May 9, 1934.

Templeton, Brooks, Napier & Brown and W. L. Matthews, all of San Antonio, for appellant.

Hull & Oliver, of San Antonio, for appellees.

SMITH, Justice.

This is a workmen's compensation case. F. P. Lancaster was the employee, F. W. Woolworth & Co., at San Antonio, the employer.

and the Travelers' Insurance Company, the insurer. Lancaster recovered and the insurance company has appealed.

The record shows that Lancaster entered the service of the Woolworth store in April, 1929. During the first eight or nine months he was employed in the stock and receiving rooms in the basement of the store. He was then transferred to the basement sales floor, although called back to work in the stock room at times during the years, when fresh supplies of merchandise were received, unpacked, and distributed to the sales floors. His work in the stock and sales rooms consisted of unpacking goods from boxes, barrels, and crates, from which dust, straw, chaff, and excelsior would be released. The stock room was just off the receiving room, which was 25x80 feet in dimensions, and had but few outlets and restricted ventilation.

Lancaster does not appear to have been perceptibly affected by these working conditions during his continuous work in the stock and receiving rooms, through the first eight or nine months of his service, or the occasional return thereto for shorter periods, until two years after he began work, when, on January 10, 1931, while engaged in unpacking hogsheads of dishes, he inhaled dust and chaff escaping from opened containers, resulting in burning and smarting sensations in his throat and lungs, and excessive coughing and sneezing. This condition, however, did not deter him from the work, which he continued for two weeks longer, until the night of January 25. On that night he assisted in unpacking eight or ten crates of crockery, packed in straw, resulting in a renewal of coughing and sneezing. When he went home from work that night, he went to bed ill, and had a severe hemorrhage from the lungs. He did not return to his work thereafter, and four days later went to a hospital, had a second hemorrhage, was examined by physicians, who diagnosed his illness as that of tuberculosis in a somewhat advanced stage. Subsequent symptoms sustained the diagnosis, and the disease, progressing, rendered him totally and permanently disabled from work.

The Industrial Accident Board heard and denied Lancaster's claim for compensation, upon the ground that his illness was "due to natural causes in no way connected with or incident to his employment." From that adjudication he appealed to the district court, where, upon a jury trial, he was awarded compensation in a lump sum of $5,271.09, as for total and permanent disability. All phases of the case were presented to the jury upon special issues, which were uniformly resolved in favor of the employee.

Concerning matters deemed pertinent to this appeal, the jury found that:

(1) The plaintiff received an injury.

(2) The injury was accidental.

(3) The injury was received in the usual course of employment.

(4) The plaintiff is suffering from physical disability.

(5) The injury directly contributed to plaintiff's physical disability.

(6) The plaintiff's condition was not caused solely by disease not connected with his employment.

(7) The room in which plaintiff worked was not a safe place to work.

(8) The employer did not exercise ordinary care to prevent plaintiff's injury.

(9) The injury was not caused by an occupational disease.

It is first contended by appellant that appellee's "injury" was not such an injury as contemplated by the compensation act (Vernon's Ann. Civ. St. art. 8306 et seq.): that the evidence conclusively established that appellee's disability is a result of tuberculosis which he contracted in the usual and normal course of his employment long prior to the occurrence of the specific incident constituting the "accident" to which he attributes his injury and resulting disability; that he was suffering from that disease at the time of said incident; that his disability was occasioned by that existing disease, and not by the incident relied upon. In short, appellant asserts that appellee's disability resulted from a "vocational" disease, which is not compensable, and not from an "accidental injury," which alone is compensable under the statute.

■ The general rule is that an occupational disease—that is to say, a disease contracted by a slow and gradual process in the ordinary course of employment, and because thereof, and reasonably to be anticipated as a result of the work, and which, from the common experience of mankind, is known to be incidental thereto—is not compensable under the statute. Texas Employers' Ins. Ass'n v. Jackson (Tex. Com. App.) 265 S. W. 1027; Ætna Life Ins. Co. v. Graham (Tex. Com. App.) 284 S. W. 931; Barron v. Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464; Gordon v. Ins. Co. (Tex. Civ. App.) 287 S. W. 911 (writ refused).

Our Supreme Court, however, speaking

through the Commission of Appeals, has interpolated a definite and far-reaching exception to this rule, by which, in effect, an occupational disease is compensable when contributed to by the negligence of the employer. Barron v. Ins. Ass'n, supra. It is not for this court to pass upon the wisdom of that exception. We can only follow the rule set up by the Supreme Court thereon.

In this case, the trial court submitted the issue of vocational disease to the jury, under a definition which authorized them to apply the exception mentioned, and to find that appellee's condition was not occasioned by vocational disease not attributable to the negligence of the employer. This submission seems to have been in accordance with the statute, as construed in the case of Barron v. Ins. Ass'n supra, and upon this conclusion we overrule appellant's first and second propositions.

The trial court submitted the issues of whether the employer exercised ordinary care to prevent appellee's injury, or to furnish him a safe place in which to work. Appellant complains of that submission, upon the grounds, first, that under the law issues of the employer's negligence were irrelevant to the question of the insurer's liability, and, second, that the matters embraced in those issues were not pleaded by either party. The first ground of objection has been disposed of by what has already been said in this opinion. We conclude, further, that the second ground is not tenable. Appellant expressly pleaded that appellee's condition was occasioned by vocational disease, which defense could be avoided by a showing that the condition was caused or contributed to by the negligence of the employer. Obviously that fact could be shown, and a finding thereon elicited, without expressly pleading it. Appellant's third and fourth propositions will be overruled.

Appellant put on numerous expert medical witnesses, who testified on direct examination that the tubercular condition of appellee, as disclosed by the diagnosis made a few days after he quit work, must have developed prior thereto. Some, if not all of them, testified that the disease could not have originated so shortly before that diagnosis, that it was of longer standing. Some testified that the incident hit upon by appellee as the "accident" upon which he bases his claim, could or must have aggravated appellee's condition. Upon cross-examination appellee elicited from one of those witnesses that the inhalations complained of "might

produce pneumonia" and "it is possible" it "might aggravate the tuberculosis there." Another of the experts testified upon cross-examination to the same effect. Appellant complains of the admission of this testimony, over its objections, which need not be set out here. We overrule appellant's fifth proposition in which this question is presented. We think the evidence was properly adducible in cross-examination and, besides, was rendered harmless by the admission of other testimony of like effect, without objection.

Appellee alleged in his trial petition that "while in the course of his employment he sustained injury to the physical structure of his body, by breathing into his lungs and inhaling air which was contaminated with dust and straw and foreign particles, which injured his throat and lungs in such a manner that he has suffered incapacity to perform labor, as will be hereinafter shown." In the final paragraph of the petition, setting up cause for a lump sum award, he further alleged that "on account of the injury which he has sustained he is unable to work and perform manual labor, and that his condition is permanent"; and, further, "that his injuries have become infected with tuberculosis, and he is now confined to a sanitarium, maintained by the State of Texas." Appellant contends that under these allegations appellee was restricted to recovery upon the one theory that he contracted pneumonia after, and as a result of, the incident of January 25, 1931, whereas, he was permitted to, and did, recover upon the theory of contribution to, or aggravation of, an existing tubercular condition. We overrule this contention. The allegations quoted first above were quite sufficient to support recovery independent of the subsequent allegations set out in the count for lump sum award. Appellant's sixth and seventh propositions will be overruled.

The judgment is affirmed.

### On Motion for Rehearing.

The original disposition of this appeal was based in part upon an assumed holding of our Commission of Appeals that an occupational disease is compensable, under our statutes, when induced or contributed to by the negligence of the employer. Barron v. Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464. We have concluded that the decision in that case does not warrant this court in giving effect to that holding in this case.

First, we are unable to escape the conviction that the question of negligence is

wholly foreign to the letter and spirit of our Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), as well as to the decisions thereon. The purpose of the act is to provide compensation for accidental injuries to industrial employees, without regard to the question of negligence of employer or employee. It was designed as a form of life and accident insurance, payable upon the happening of the contingencies provided against, when not intentionally induced or provoked by the employee. It contains no provisions which expressly, or by any sort of implication, enlarge the liability of the insurer to include injuries traceable to the negligence of the employer, if such injuries are not made compensable by express provisions. It is our firm conviction that if the Legislature had intended to make the negligence of the employer a test of compensability in any contingency, that body would have expressed such intention in the law, and in the total absence of such expression the courts have no power to write it into the statute, and thus convert compensation cases into negligence cases. And if the courts fabricate a cause of action based solely upon the negligence of the employer, they thereby invite the defense of contributory negligence, and thus defeat the object of the law.

Secondly, the two authorities cited in the Barron Case, in support of the rule that occupational disease is compensable if contributed to by the negligence of the employer, do not purport to apply to compensation cases, but only to common-law actions for damages in negligence cases. Schneider Comp. Laws, p. 643, § 223; Gay v. Coal Co., 184 Iowa, 949, 169 N. W. 360. The text in Schneider, relied upon in the Barron Case, is but a quotation from the Gay Case, which was a common-law action for damages against an employer who did not carry compensation insurance. Those authorities laid down the rule invoked in the Barron Case, it is true, but they applied the rule to the common-law actions for damages there under consideration. They were not deciding or discussing any rule for compensation cases.

And, lastly, the assertion in the Barron Case, that a vocational disease not otherwise compensable is made so if contributed to by the negligence of the employer, was not necessary to the decision, for recovery was ordered in that case, primarily and efficiently, upon the finding that the injury was induced by accidental, specific injury, and for that reason was not vocational. Thus the language in the Barron Case, and here invoked by appellee and enforced by the trial court, was not necessary to that decision, was clearly dictum, and besides, as stated, was based upon a decision, and a text dependent upon that decision, which had no bearing upon the Barron Case, and in no sense supported it. We therefore conclude that the trial court erred in enforcing the rule stated, by including it in the definition of compensable injury, and by submitting to the jury the issues of negligent acts of the employer. Appellee objects to the consideration of appellant's propositions in which this matter is presented here, contending that the question was not properly raised below. It is true that the objections urged by appellant in the trial court were probably too general to support its first and second propositions here, but that is not true of its third and fourth propositions. The objections brought forward under those propositions were that the court erred in submitting the issues of the employer's negligence, because those issues were immaterial and their submission prejudicial to the rights of appellant. That was sufficient.

Appellant's motion for rehearing will be granted and the judgment reversed and the cause remanded.