# AMANN v. REPUBLIC UNDERWRITERS.

## No. 13471.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 11, 1936.

Rehearing Denied Jan. 15, 1937.

Carlton & Ragan, Goree & Rice, and Wm. S. Harris, all of Fort Worth, for appellant.

Lightfoot & Robertson, of Fort Worth, and Darden, Burleson & Wilson, of Waco, for appellee.

BROWN, Justice.

This is a workmen's compensation case, and appellant here was plaintiff below. He filed his petition against the appellee insurance carrier, the substance of his allegations being that he was employed by Bradford's Transfer Company as a truck driver,

and that on or about October 1, 1934, acting under the orders of his employer, he took a certain truck and drove it from Fort Worth, Tex., to some small town located about 20 miles east of Denison, Tex.; that such trip was in the course of his employment and for the purpose of transporting freight for his employer, either to or from such town; that the truck was furnished to him for such purpose and was constructed in such a manner that the driver's seat was inclosed by a cab, with a glass windshield in front, and was originally constructed so that the two side doors had glass windows therein which could be lowered or raised and thereby make the inside of the cab almost completely windproof and weatherproof, but that, on the occasion in question, the glass in the windows of the cab had been broken out or removed, and the absence of same permitted the driver to be exposed to rain, wind, and weather, and did not furnish him protection against such elements.

He further alleged that after he left Fort Worth, and while in the course of his journey, a cold rain commenced to fall and blew into the cab on him and caused him to be thoroughly wet and cold; that as a result of such exposure, he contracted a cold; that he returned to Fort Worth on the following day and his cold became worse; that on or about October 3d, while still suffering from his cold, his employer ordered him to take another trip in the truck, and that same was loaded with goods and merchandise for Detroit, Mich.; that he drove the truck to McPherson, Kan., a distance of approximately 500 miles from Fort Worth, and while on such journey, beginning a few miles south of Oklahoma City in the state of Oklahoma, a cold wind blew into and through the cab of the truck, causing him to become chilled and cold, and caused his cold which he then had to become worse; that when he arrived in McPherson he began to suffer intensely and became very weak; that he continued his journey from McPherson, Kan., to St. Louis, Mo., and on arriving at St. Louis his throat, chest, and lungs became congested, and he suffered intense pain in these parts of his body; that he began coughing up blood, and all of the joints of his body ached, and he suffered from high fever; that he continued his journey to Chicago, Ill., arriving there about October 6th, and that his illness became greatly aggravated, and he was forced to go to bed;

that he unloaded the truck a few miles out of Chicago and drove the truck back to Fort Worth, arriving on or about October 13th, and that the illness from which he was suffering continued and he became confined to his bed, and was so confined for a period of approximately three weeks; that at the end of three weeks he attempted to return to work, sat around the office or warehouse of his employer for about two weeks; attempted to work on light jobs, but was so weak and suffered such pains and aches he was forced to return to bed, and has been since such time confined in bed the majority of the time, and that he is unable to perform manual labor.

He then alleged: "Plaintiff further alleges that he tires very easily when he attempts to perform any physical labor. That he is unable to work or labor for more than a few minutes; that his heart has been affected as a result of said illness and causes him pain and suffering at various intervals. That as a result of said sickness he has declined in weight and his entire physical system has become debilitated. That his lungs have been affected and weakened as a result of said illness. That plaintiff is totally and permanently disabled as a result of said illness."

Following these allegations, appellant alleged that his employer, during all of the times mentioned in his pleadings, was negligent in failing to provide him with safe and suitable appliances with which to work, more particularly in that he failed to provide and equip the truck with glass windows so that he would not be subjected to exposure from wind, rain, and other elements, and that such negligence was a proximate cause of his injury, illness, and disability resulting therefrom. He alleged, in the alternative, that his injury was caused by an act of God, and that at the time of its occurrence he was engaged in the performance of duties which subjected him to a greater hazard from such act of God than ordinarily applied to the general public, in that he was exposed to the wind and rain for long periods of time while driving the truck, and was unable to protect himself from the elements and to remove himself to a place of protection.

To this pleading the appellee insurance carrier urged a general demurrer, which was sustained by the trial court, and appellant declining to amend, judgment was entered dismissing his suit.

From this judgment the appeal is taken, and appellant asserts that the trial court erred because his petition alleges a damage or harm to the physical structure of his body; that he received an accidental injury; and that same was sustained in the course of his employment.

We believe that the judgment of the trial court is correct, in the light of Texas Employers' Ins. Ass'n v. Jackson, 265 S.W. 1027, by the Commission of Appeals, in which the Supreme Court adopted the judgment recommended by the commission and ordered same entered as the judgment of the Supreme Court.

The purpose of the Workmen's Compensation Law is to remunerate the employee for injury sustained while in the course of his employment. The injury contemplated is defined by the law (Vernon's Ann. Civ.St. art. 8309, § 1) as "damage or harm to the physical structure of the body and such *diseases or infection as* naturally result therefrom." (Italics ours.)

It was not contemplated by the lawmakers that the law should cover health insurance. It is a matter of rather common knowledge that "colds," influenza, and pneumonia are the result of bacteria—in common parlance, germs—attacking the body. These germs appear and cause epidemics in cities, towns, and counties. It is also a matter of rather common knowledge that many such germs appear to be in the very atmosphere surrounding us, at all times. Any and every person is "exposed" to them without being conscious of the fact. Medical science teaches that we fall victims of these germs because at the time of the attack we are not physically able to withstand their assaults.

If this appellant can recover compensation under the facts pleaded, then every employee who is engaged in labor that actually tires the body and causes what the layman calls a "run-down condition" can recover compensation by showing that his work weakened him ·and lowered his resistance and caused him to succumb to the attack of any disease, which he would otherwise have been able to resist.

Attempts to enlarge the purpose of the Workmen's Compensation Law (Vernon's Ann.Civ.St. arts. 8306-8309) will destroy its usefulness.

A number of interesting cases are brought forward in the briefs of the parties to this cause, which are discussed at length;

but we do not feel the necessity for discussing or distinguishing these cases as we are in hearty accord with the conclusions reached by Mr. Justice Smith, now Chief Justice of the Court of Civil Appeals for the San Antonio District, in the case of Travelers' Insurance Co. v. Lancaster, 71 S.W.(2d) 318.

The judgment of the trial court is affirmed.