## CUNNINGHAM v. FIDELITY & CASUALTY CO. OF NEW YORK.

### No. 9817.

Court of Civil Appeals of Texas.
San Antonio.

March 3, 1937.

Rehearing Denied March 24, 1937.

John L. Dodson, of Del Rio, for appellant.
Eskridge & Groce and Walter Groce, all of San Antonio, for appellee.

SLATTON, Justice.

This is an appeal from the district court of Val Verde county, Tex., by appellant, William Cunningham, against the appellee, Fidelity & Casualty Company of New York; the appellant suing to set aside an adverse award by the Industrial Accident Board, claiming total, and in the alternative partial, disability as an employee of the Central Power & Light Company. After the closing of the evidence, the district court peremptorily instructed the jury against appellant and in favor of appellee; hence this appeal.

On or about the 31st day of August, 1932, and about four years prior thereto, the appellant was an employee of the Central Power & Light Company, and on said date was employed at the steam plant at Devil's river, in Val Verde county, Tex., as a driver of the school bus, mechanic's helper, and yardman at said plant. On account of the high water on that date, appellant, together with a fellow employee and his immediate foreman, was directed to go over the Texas & New Orleans Railway Company bridge across the river to the north side of said river to plant No. 1, for the purpose of pulling in the splash boards from the river at plant No. 1. After crossing the river and reaching the dam, the river continued to rise, and with such force and power that said bridge was washed away and destroyed, and thereby appellant and the others were unable to return to the south side of the river and were marooned without food, shelter, and without dry clothing, for a period of about 30 hours. It appears that during said time appellant became weakened and exhausted, and upon his return was suffering from a severe cold and a congestion of the lungs. He remained in bed for a period of about 5 days, at which time he was attended by a physician. After being sufficiently recovered, he returned to light duty with his employer, and remained until about February 1, 1933, at which time he left the employ of the Central Power & Light Company. About March 29, 1933, appellant went to Fort Sill, Okl., and made application to join the United States Army and was rejected because of some ailment of the heart. Thereafter the appellent went to Del Rio, Tex., and worked for the Burdett Dairy for a period of about 3 months; then went to Crystal City for a few days' visit; and then, on the 8th day of September, 1933, reentered the employment of the Central Power & Light Company, at San

Benito, Tex., and worked there until September 25, 1933, at which time he was transferred to Presidio, Tex., where he worked 9 days and was then rejected. The appellant entered the employment of the government, at Wichita Falls, Tex., doing light work, that is, piling brush, for a period of about 2 months, and on or about the 17th day of December, 1933, went to El Paso, Tex., and while shoveling heavy mud out of an irrigation ditch, at or near that city, in the early part of January, 1934, he suffered a physical breakdown, and was confined to his bed 3 or 4 days, at which time he was attended by a physician. On the 15th day of January 1934, he filed his claim with the Industrial Accident Board of the state of Texas, for the first time, claiming an injury that occurred on or about the 1st day of September, 1932.

We think that the learned trial court, under the above facts, was correct in holding, as a matter of law, that whatever injury was sustained by the appellant was not such an injury as would come within our compensation statute (Vernon's Ann.Civ. St. arts. 8306-8309), and therefore he was correct in instructing a verdict for appellee.

In the case of Texas Employers' Ins. Ass'n v. Jackson. (Tex.Com.App.) 265 S.W. 1027, 1028, the claimant "was sent by his employer, who was a subscriber under said [Workmen's Compensation] act, with a truck, on September 4, 1921, to a lease about 50 miles northwest of Wichita Falls, to get a load of material to be delivered to another oil field in Wichita county; that while en route to said lease a rain storm came up, caught him out in the open prairie, and thoroughly soaked and wetted his clothing; that upon arriving at the lease about 10 o'clock at night of said day, he was compelled to sleep in a dilapidated shed, and that during the night another severe rain came up and wetted his clothing; that said two wettings caused him to have a cold next morning, which weakened his resistance and made him easily susceptible to the inroads of disease from other exposure; that the next day, after having loaded a rig on his truck and having performed strenuous labor which caused him to perspire freely, another rain storm overtook him and completely soaked and drenched him, while on the return trip for a second load; that the last wetting, together with the two previous soakings, caused a severe case of pneumonia, resulting in incapacity for work for some period of time, confinement in a hos-

pital, incurring doctor bills, etc." The trial court sustained a general demurrer and on appeal the Court of Civil Appeals (253 S.W. 348) reversed and remanded the cause. Our Supreme Court, in an elaborate opinion by Judge Bishop, sustained the trial court and held that such injury was not compensable under our compensation statute, and in the course of the opinion said: "Here we have an employee in the course of his employment getting wet. As a natural result of getting wet he contracted cold, and pneumonia resulted. While the disease was the natural result of getting wet, the mere getting wet was not a 'damage or harm to the physical structure of the body,' and, unless it was, it could not be said to be an 'injury' or 'personal injury,' for which compensation is allowed by the statute. For, before compensation may be had for the disease, it must be an 'injury' provided for by the statute, and it cannot be such 'injury' unless it naturally results from 'damage or harm to the physical structure of the body.'"

We think the Jackson Case is a stronger case than the case at bar. In the case of Middleton v. Texas Power & Light Co., 108 Tex. 96, 109, 185 S.W. 556, 560, in passing upon the validity of the Compensation Act, Mr. Chief Justice Phillips said: "Here the character of injuries, or wrongs, dealt with by the Act becomes important. Notwithstanding the breadth of some of its terms, its evident purpose was to confine its operation to only accidental injuries, and its scope is to be so limited."

We are of the opinion, therefore, that the injury proved in the case at bar is not such an accidental injury as is contemplated by the act.

We think the action of the trial court was correct for another reason: Our compensation statute (Vernon's Ann.Civ.St. art. 8307, § 4a) provides that a claimant must file his claim within 6 months, or show good cause for failing to so file within 6 months. Not only must good cause be shown for the 6 months, but also for the 6 months and continuously up to the filing of such claim. In this case the appellant alleged that his failure to file his claim within the 6 months was for the reason that he failed to realize that he was seriously disabled until on or about the 4th day of January, 1934. He testified that his injury was a bad heart, poor circulation, swelling of the hands; and that such was accompanied by pains in his chest; all of which prevented

his sleeping. The appellant testified that he had been in this condition ever since the flood occurrence. He testified that on Thanksgiving Day, 1932, he had definite evidence of such disability; he testified that in March, 1933, he was advised of his heart condition by an army doctor; and that in October, 1933, he was discharged by the Central Power & Light Company, at Presidio, on account of disability; and that he was confined to his bed in the early part of 1933, as a result of his disability. It appears that he was advised, in October, 1933, by a physician at Presidio, that he was physically unfit, and yet he failed to file his claim until January, 1934.

While we recognize the rule often stated, that ordinarily good cause for failure to file a claim is one of fact to be determined by the jury, yet we feel that the appellant's proof failed to show good cause, as a matter of law, and that reasonable minds could arrive at no other conclusion than that whatever disability the appellant has was known to him long prior to January, 1934. Holloway v. Texas Ind. Ins. Co. (Tex.Com.App.) 40 S.W.(2d) 75; Ocean Accident & Guarantee Co. v. Pruitt (Tex. Com.App.) 58 S.W.(2d) 41; Durham v. Tex. Ind. Ins. Co. (Tex.Civ.App.) 60 S.W. (2d) 255; Petroleum Casualty Co. v. Fulton (Tex.Civ.App.) 63 S.W.(2d) 1068; Jones v. Texas Employers' Ins. Ass'n (Tex. Com.App.) 99 S.W.(2d) 903; Indemnity Ins. Co. of North America v. Williams (Tex.Com.App.) 99 S.W.(2d) 905.

Accordingly, the judgment of the trial court will be affirmed.