**LUX v. WESTERN CASUALTY CO.**

No. 8988.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1939.

B. C. Johnson, of Houston, Tex., for appellant.

Ben Campbell and Clarence S. Eastham, both of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant sued to set aside the award of the Industrial Accident Board refusing compensation under the Texas Workmen's Compensation Law for the death of her husband. She alleged that her husband, employed in a packing house, had to pass back and forth from a high temperature in the smoke house to a near freezing temperature in the cooling room, that he was furnished a supposedly waterproof apron which was defective and he got wet through it, taking cold, which passed into fatal pneumonia. On the trial the appellee moved for an instructed verdict, but judgment was reserved under Rules of Civil Procedure for District Courts, rule 50(b), 28 U.S.C.A. following section 723c. The jury answered special questions which sustained the above allegations in substance and found that by getting wet deceased in the course of his employment "suffered damage or harm to the physical structure of his body." The court, however, held

that getting wet was not an injury under the Compensation Law, though followed by pneumonia, and sustained the appellee's reserved motion for directed verdict and gave judgment accordingly. Appellant specified to be sent up on appeal only the portions of the record above mentioned, not specifying any statement of the evidence. None has been sent up, or appears to exist.

■ It is manifestly impossible to review a judgment sustaining a motion for directed verdict without having the evidence before us. We should logically dismiss the appeal. But the briefs in effect say that the question in the case is only whether compensation is due on the facts alleged and found; or to put it otherwise, whether the jury is right in concluding there was damage to the physical structure of deceased's body by getting wet, or the judge is right in saying there was not. We will decide the question.

■ It has been repeatedly held that the Compensation Law does not afford health insurance. Compensation is granted only for injury suffered in the course of employment. The statute, Revised Statutes Art. 8309, defines injury thus: "The terms 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom." Pneumonia is an infection or disease which often follows severe bodily wounds and physical injuries, and where it causes death after such injury suffered in the course of employment there may be compensation. But for one merely to get wet or to pass from one commonly experienced temperature to another is not an "injury," for there is no damage to the physical structure of the body done thereby. Although a cold or pneumonia may naturally follow and may itself do damage to the physical structure of the body, it remains true that there was no initial industrial injury. Such infections and diseases can be added to an "injury," but they cannot substitute it under the statutory definition. The judge was right in so holding. Texas Employers Ins. Ass'n v. Jackson, Tex.Com.App., 265 S.W. 1027; Amann v. Republic Underwriters, Tex.Civ. App., 100 S.W.2d 778; Cunningham v. Fidelity & Casualty Co., Tex.Civ.App., 102 S.W.2d 1106. Cases in which foreign substances are accidentally drawn into the lungs, causing physical injury to them and pneumonia, are readily distinguishable. Such is Maryland Casualty Co. v. Rogers, Tex.Civ.App., 86 S.W.2d 867, mainly relied on by appellant.

Judgment affirmed.