## BONNER v. AMERICAN GEN. INS. CO.

### No. 8995.

Court of Civil Appeals of Texas. Austin.

March 27, 1940.

Rehearing Denied April 17, 1940.

W. R. Smith, Jr., of Austin, for appellant.

Hart & Brown, of Austin, for appellee.

BLAIR, Justice.

This case arose as a workmen's compensation case. Appellant, Howard Bonner, was the employee; Brown & Root, Inc., and McKenzie Construction Company, the employers; and appellee, American General Insurance Company, was the insurer. Appellant's claim for compensation was denied by the Industrial Accident Board; and on appeal to the District Court he alleged, in substance, as follows:

That during the month of November, 1936, appellant was employed by said employers to unload bulk cement from railroad cars, and that although he was previously in good health, because of the nature of his duties, "he was forced and compelled to continually breath air heavily

laden with dangerous cement dust, and that because of such continual breathing of the cement dust of the" (employers) "herein, he has suffered serious bodily injuries * * * such accidental injury being received and sustained by him while in the course of his employment." Appellant further alleged that because of his "continually breathing" of air heavily laden with the cement dust, his throat and bronchial tubes have become irritated, his lungs have become sore, affected and irritated, and that he continually expectorates blood; that he cannot sleep and is highly nervous and suffers from extreme eczema; and that if he has not now developed tuberculosis, he will have it; and that such injuries render him totally incapacitated to work.

Appellant summarizes his further pleadings as follows: "Appellant further alleges that Brown, Root & McKenzie Construction Company, appellee herein (1) well knew the dangers incident to the appellant continually breathing air heavily laden with cement dust and that the appellee failed to use that degree of caution and prudence for his safety and well-being that an employer would use under like and similar circumstances; (2) that the said Brown, Root & McKenzie Construction Company, appellee, failed to provide the appellant herein with an adequate protection for his safety; (3) that the said Brown, Root & McKenzie Construction Company, appellee, furnished to the appellant herein a gas mask for his use but that the said gas mask was not the most efficient kind and type of gas mask used for the protection of the appellant for the breathing of cement dust; (4) that the said Brown, Root & McKenzie Construction Company, appellee, failed to properly equip said gas mask given to the appellant herein; (5) that the said Brown, Root & McKenzie Construction Company, appellee, failed to properly inspect and care for the gas mask given to the appellant herein and the appellant alleges and says that as a direct result of these negligent acts that he has suffered accidental injuries which will totally and permanently disable him."

The trial court sustained a general demurrer to the petition of appellant, upon the ground that it alleged that appellant suffered only an occupational disease not compensable under the statutes, and upon his refusal to amend dismissed his suit; hence this appeal.

Appellant states in his brief that "it is to be noted that the appellant herein alleges an occupational disease, but further alleges that the employer was negligent (as above stated) * * * and says that as a direct result of these negligent acts that he has suffered accidental injuries"; and that appellant "bases his case solely and purely upon these grounds of negligence and upon the rule as laid down as in the Barron case." Barron v. Texas Emp. Ins. Ass'n. Tex.Com.App. 36 S.W.2d 464, 466.

■ The courts hold that the Workmen's Compensation Statutes do not provide for death or disability compensation resulting from an occupational disease, which is a disease acquired in the usual and ordinary course of the employment, and incidental thereto, or which is acquired by a gradual and slow process resulting from hazards or conditions necessarily incident to the performance of the duty of the employee.

This rule appellant concedes, but contends that it is qualified by the negligence rule announced in the Barron case, wherein the court say: "An employer will only be permitted to avail himself of the defense that his employee's injury resulted from an occupational disease when he has used due diligence to prevent the employee from being subjected to hazards calculated to injure while engaged in his service. The law recognizes that there are some occupations fraught with inherent dangers, even though the employer has used proper care and diligence to safeguard and protect those employed by him. Where the requisite degree of care has been used by the employer, and the employee is injured by a gradual and slow process resulting from hazards necessarily incident to the performance of his duty, then the injury is treated as an occupational disease."

This general language of the opinion has been criticised as being dicta and as not being in accord with the legislative intent, as expressed in the compensation statutes, to allow compensation only for accidental injury as distinguished from negligent injury. Travelers' Ins. Co. v. Lancester, Tex.Civ.App., 71 S.W.2d 318, writ dismissed; Salinas v. New Amsterdam Casualty Co., 5 Cir., 67 F.2d 829; Buchanan v. Maryland Casualty Co., 116 Tex. 201, 288 S.W. 116, wherein it is held that the Compensation Law does not depend upon negligence.

It also clearly appears in the Barron case that the employee was injured by in-

haling gas, which in an unusually heavy volume was suddenly discharged upon him on the two days specified; and that the employee therefore proved accidental injury within the meaning of the statutes by pointing with reasonable certainty to the definite time, place, and cause of his injury. This view was clearly expressed and called to the attention of the Supreme Court in the case of Travelers' Ins. Co. v. Lancester, supra, and since it dismissed the writ of error therein, it necessarily entertained the same view with regard to the particular facts in the Barron case as showing accidental injury.

In the instant case, appellant alleged that his injuries developed over a period of more than two years of "continually breathing" cement dust. Thus on both fact and principle the case comes clearly within the rule announced in Aetna Life Ins. Co. v. Graham, Tex.Com.App., 284 S.W. 931, 933, wherein the employee died of tuberculosis alleged to have resulted from inhaling for a period of about two years poisonous gases, fumes, and powders arising from the chemicals used in manufacturing a polish, and in the manufacture of which the employee was injured; and wherein the court say:

"* * * Our statute has never gotten away from the central thought that the injury must be accidental in its nature. It is only upon that theory that the act itself has been held constitutional by our Supreme Court.

"It is clear to us that, so far as our Supreme Court has spoken, it has shown its approval of the rule, well-nigh universal elsewhere, that recovery cannot be had for what is termed an occupational or industrial disease. * * *"

In Odom v. Indemnity Co., Tex.Civ.App., 111 S.W.2d 1143, error dismissed, it was held that tuberculosis contracted by an employee in an oil refinery, whose work consisted in controlling vapor pressure when the automatic control of same failed to operate, did not result from an accidental injury within the Compensation Law.

■■ And since appellant admitted by his petition that his injuries were the result of an occupational disease, and that they were not accidental, but were caused by the negligence of his employers, his case comes within the now settled rule, that the statutes do not provide for disability compensation resulting from an occupational disease; and "that compensation insurance protects workmen only against accidental injury" within the meaning, scope and purpose of the Compensation Law. Texas Emp. Ins. Ass'n v. Mints, Tex.Civ.App., 10 S.W.2d 220; Safety Cas. Co. v. Walls, Tex.Civ.App., 117 S.W.2d 879, error dismissed; Cunningham v. Fidelity & Cas. Co., Tex.Civ.App., 102 S.W.2d 1106 error dismissed; Traders & Gen. Ins. Co. v. Weatherford, Tex.Civ.App., 124 S.W. 2d 423.

The judgment of the trial court is affirmed.

Affirmed.