## HAWKINS v. SAFETY CASUALTY CO.
### No. 4455.

Court of Civil Appeals of Texas. Beaumont.
June 5, 1947.

Rehearing Denied June 25, 1947.

Writ of Error Granted Oct. 15, 1947.

Lamar Hart, of Beaumont, for appellant.

Jack Vickery, of Beaumont, for appellee.

MURRAY, Justice.

This is a workman's compensation case, in which judgment was rendered for the insurer, Safety Casualty Company, appellee, upon an instructed verdict.

William M. Hawkins, appellant, testified that while he was working for the Magnolia Petroleum Company at Beaumont on July 3, 1945, he was severely injured, was treated ·by the company doctor and taped up; that some time later, he was not sure how long afterward, he returned to ·work and his fellow workers did the heavy ' part of his work so that he did only light work and was thus able to stay on the job; that the company doctor told him his injuries were not serious and he was hoping they were not serious; that not until March 19, 1946, about two months and two weeks after his six-months period for filing a claim for compensation had expired, did he find out that his injury was 'going' to be serious; about a week thereafter he went to his attorney, who immediately filed a claim with the Industrial Accident Board for him. From his testimony and that. of one of his witnesses it was established that because of this injury he lost a great deal of time from his work at the Magnolia. In his own words, he "missed plenty days." He further testified that he was off from work three weeks at a time one time; that between July 3, 1945 and March 8, 1946, he was off around 90 days or more. He had been laid off by his employer and was not working for it at the time when he testified that he discovered his injury was going to be serious. He was at that time engaged in raking trash in a lady's yard.

The appellant in various ways assails the action of the trial court in taking the case from the jury and instructing a verdict in favor of the insurance carrier. The motion for such instructed verdict was grounded on the failure of the claimant to establish by the evidence good cause for not filing his claim for compensation within the six months period prescribed by statute. The court in its instruction to the jury to return such verdict in favor of the insurance carrier stated that the claimant, appellee, had not discharged his burden of proof to show good cause for such failure. The appellee contends that the evidence raised a fact issue for the jury to decide whether good cause for not filing existed.

It is believed from an examination of the testimony that it was incredible that appellee did not know that he had received a serious injury and that a claim for compensation had to be filed if he expected to receive 'compensation. The fact that he was compelled to lose so much time from his work negatives his statement that he did not believe his injuries to be serious. See Cunningham v. Fidelity & Casualty Co., Tex.Civ.App., 102 S.W.2d 1106; General Accident Fire & Life Assurance Co., Ltd. v. Martin, Tex.Civ.App., 110 S.W.2d 258, and cases cited. As a matter of law, the appellee failed to show

good cause for not filing his claim within the time prescribed by statute, and the trial court did not err in instructing a verdict for the insurer.

Affirmed.